IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                       Criminal No. 3:13CR53

TIMOTHY PAUL STEWART,

    Defendant.

## PRELIMINARY ORDER OF FORFEITURE

Pursuant to Title 21, United States Code, Section 853, Title 28 United States Code 2461(c) and Title 18, United States Code 924(d)(1), the Court having made the findings of fact and conclusions of law enumerated below, it is hereby ORDERED that defendant Timothy Paul Stewart, who has pled guilty to violating Title 21, United States Code, Section 846, Conspiracy involving cocaine base also known as "crack" and Title 18, United States Code 922(g)(1), Felon in Possession of a Firearm, forfeit to the United States: (1) all property constituting, or derived from, proceeds obtained directly or indirectly from the defendant's violation of the Controlled Substances Act offense of conviction, or which was used or intended to be used to commit or facilitate such violation; and (2) any firearm and ammunition involved in the willful commission an offense committed by a defendant in violation of 18 United States Code, Section 922(g)(1), including specifically $3,968.00 in United States currency seized from defendant's residence in Piedmont, Mineral County, West Virginia on October 18, 2013; a Vulcan, Model V-10/45, .45 ACP caliber pistol, serial number F11322; a Marlin, Model 336 CS, 30/30 caliber rifle, serial number 13001419; an American Tactical, Model LRHR, .22 caliber rifle, serial number A473363; a High-Point, Model 995, 9 millimeter rifle, serial number A38133, a Russian, Model

M1944, 7.62 x 54R rifle, serial number IE3474; a FT, Model Witness PS, .40 caliber pistol, serial number EA6449811398; a Kel-Tech, Model P40, .40 caliber pistol, serial number 75734A; eighteen (18) rounds of Federal 30/30 caliber ammunition; one (1) round of Tulaammo .45 caliber ammunition and fifty (50) rounds of Tulaammo .40 caliber ammunition, which were seized from defendant's residence in Piedmont, Mineral County, West Virginia on October 18, 2013, which are directly subject to forfeiture.

1. On November 14, 2013, the United States of America filed an Information charging that the defendant violated Title 21, United States Code, Section 846, Conspiracy involving cocaine base, also known as "crack" and Title 18, United States Code 922(g)(1), Felon in Possession of a Firearm. The Forfeiture Allegation in the Information contains notice to the defendant that the government intends to forfeit property in this criminal case.

2. Title 21, United States Code, Section 853 mandates forfeiture of all property constituting, or derived from, proceeds obtained directly or indirectly from the defendant's violation of the Controlled Substances Act offense of conviction, or which was used or intended to be used to commit or facilitate such violation.

3. Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 924(d)(1) mandate forfeiture of any firearm and ammunition involved in or used in any knowing violation of 18 United States Code, Section 922(g)(1).

4. On December 9, 2013, during the Rule 11 hearing, the defendant pled guilty to Counts One and Two of the Information, alleging the defendant violated Title 21, United States Code, Section 846, Conspiracy involving cocaine base, also known as "crack" and Title 18, United States Code 922(g)(1), Felon in Possession of a Firearm. The plea agreement includes the forfeiture of $3,968.00 in United States currency seized

from defendant's residence in Piedmont, Mineral County, West Virginia on October 18, 2013, which defendant stipulated is property constituting, or derived from proceeds obtained directly or indirectly from the violation of defendant's Controlled Substance Act offense, or facilitate or used in the commission of his offense. The plea agreement also includes the forfeiture of a Vulcan, Model V-10/45, .45 ACP caliber pistol, serial number F11322; a Marlin, Model 336 CS, 30/30 caliber rifle, serial number 13001419; an American Tactical, Model LRHR, .22 caliber rifle, serial number A473363; a High-Point, Model 995, 9 millimeter rifle, serial number A38133, a Russian, Model M1944, 7.62 x 54R rifle, serial number IE3474; a FT, Model Witness PS, .40 caliber pistol, serial number EA6449811398; a Kel-Tech, Model P40, .40 caliber pistol, serial number 75734A; eighteen (18) rounds of Federal 30/30 caliber ammunition; one (1) round of Tulaammo .45 caliber ammunition and fifty (50) rounds of Tulaammo .40 caliber ammunition, which were seized from defendant's residence in Piedmont, Mineral County, West Virginia on October 18, 2013, which defendant stipulated were involved in or used in a knowing violation of Title 18, United States Code, Section 922(g)(1).

5. The record made during the Rule 11 hearing established the requisite nexus between the offenses of conviction and the above specified property, which was involved in the offenses of conviction as proceeds and facilitating property.

IT IS FURTHER ORDERED:

The United States Marshal or any designee is authorized to seize any forfeited property that is not already in the government's custody and control, and is also authorized to retain physical custody and control of any forfeited property that has previously been seized by any law enforcement agency.

The United States shall publish notice of this Order and of the government's intent to dispose of the forfeited property in such manner as the Attorney General may direct, and shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of specified property in the ancillary proceeding.

Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of written notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to Title 21, United States Code, Section 2461(c) which incorporates 21, United States Code, Section 853.

Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

Within thirty days after a third party petition is filed, the United States may advise the Court of whether it intends to file a motion to dismiss such petition for lack of standing, for failure to state a claim, or for any other lawful reason. Upon filing its notice of intent to file a motion to dismiss, the United States may conduct discovery authorized by the Federal Rules of Civil Procedure to develop facts relative to the contemplated motion to dismiss.

If the United States does not notify the Court of its intent to file a motion to dismiss within thirty days of the filing of a petition, or within that thirty day period notifies the Court that it will not be filing a motion to dismiss, the parties may then conduct discovery under the Federal Rules of Civil Procedure to resolve factual issues relevant to the ancillary proceeding that will be conducted by the Court.

If the Court denies a government motion to dismiss, or otherwise disposes of the motion without dismissing the petition, the parties may then conduct discovery under the Federal Rules of Civil Procedure to resolve factual issues relevant to the ancillary proceeding that will be conducted by the Court.

The determination of whether a third party has an interest in property specified herein is deferred until a claim is filed in an ancillary proceeding under Rule 32.2(c). If no third party files a timely petition, or if any timely filed petition is withdrawn, this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture rendering to the government clear title to all specified property, which the Court finds the convicted defendant has had an interest in, and is forfeitable under the applicable statutes.

This Order of Forfeiture shall become final regarding the defendant at the time of sentencing, and will be made part of the sentence by incorporating this Order by reference in the judgment. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary.

SO ORDERED.

Dated: Jan 8, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE